FAYERWEATHER et al. v. TRUSTEES OF HAMILTON COLLEGE et al.

(Circuit Court, S. D. New York. July 12, 1900.)

1. EQUITY—PLEADING FORMER ADJUDICATION—DUPLICITY.
    A plea setting up the record of a former suit as a prior adjudication is not double because such adjudication is comprised in the judgments of the court of original jurisdiction and of successive appellate courts to which the suit was carried.

2. SAME—VERIFICATION OF PLEA.
>Where a plea filed on behalf of a corporation is verified by affidavit, as required by equity rule 31, the affixing of the corporate seal to such plea is not essential.

Hearing on complainant's pleadings and proofs of the plea of the trustees of Hamilton College to the bill of complaint and of plea of same to the cross bill.

H. L. Stimson, for the plea.

Roger M. Sherman and William Blaikie, opposed.

LACOMBE, Circuit Judge. Careful examination of the ingenious and exhaustive brief submitted in support of the bill and cross bill has failed to convince the court that, so far as the merits of the controversy presented by these pleadings are concerned, the pleas are not sound, and supported by the proofs. It is constrained so to hold by the decision of the circuit court of appeals on the appeal from the order of injunction. It may be difficult to follow the reasoning by which that court reached the conclusion that there had been an adjudication sustaining the proposition that the releases executed by the widow and next of kin were valid, and not procured by fraud; but that conclusion certainly was reached, and was expressed with no uncertain sound. No doubt, the ultimate result of the litigation in the state courts has been by refined technicalities to render inoperative, so far as this estate is concerned, the provisions of a statute which seems to be the conception of a wise and commendable public policy. That circumstance, however, is immaterial. As the circuit court of appeals expresses it, "even if there has been a miscarriage of justice, [the parties] must submit." Since the former appeal the complaint has been amended and cross bill served, whereby relief is sought, not only to impugn the probate of the will and its codicils so far as they were admitted to probate, but also to establish a codicil alleged to have been unlawfully destroyed, and, if no valid will can be established, to administer and dispose of the estate as in case of intestacy. But this in no way changes the situation. The release bears date subsequent to the transactions on which this prayer for relief is predicated, and, if valid, is a flat bar to the granting of any part of the relief asked for. Whether the adjudication in the state court would or would not be a bar to relief upon the additional matter charged in the amended bill and in the cross bill, the release is as effectual a bar to the new matter as it was to the old matter set out in the bill as it stood on appeal to the circuit court of appeals. The plea does not set up the release in bar, but it does set up the proceedings in the state court, which the circuit court of appeals has held to constitute an adjudication that that particular release was made, is valid, and no longer open to attack. Both release and adjudication are proved, and under the decision on the appeal from injunction there is nothing to do except to sustain the pleas, and dismiss the bill and cross bill. Under these circumstances the court will not be astute to find errors

of form in the plea. The plea in this case is not double. It sets up the record of but a single suit as an adjudication, although the decisions of the court of original jurisdiction and of the successive appellate tribunals which disposed of that suit together make up the adjudication upon which defendant relies. As to lack of a corporate seal to the plea, the language of equity rule 31 requires that a plea be "supported by the affidavit of the defendant that it is not interposed for delay, * * * and that it is true in point of fact." This requirement seems to be comprehensive, and, when the plea of a corporation is thus verified, the affixing of its corporate seal to the plea may be dispensed with.